IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SERENADE HOLDINGS d/b/a
SERENADE APARTMENTS,

       Plaintiff,

v.

BUFUS CONEY,

       Defendant.

CIVIL ACTION FILE NO.

1:16-CV-4632-TWT-CMS

## ORDER AND FINAL REPORT AND RECOMMENDATION

This action is before the Court on Defendant Bufus Coney's application to proceed in forma pauperis and pro se Petition for Removal from the Magistrate Court of DeKalb County, Georgia. (Doc. 1). Coney's affidavit of indigency indicates the inability to pay the filing fee or incur the costs of these proceedings. (Doc. 1). Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and the undersigned **GRANTS** the request for leave to proceed in forma pauperis for these proceedings only.

However, because it is evident that this Court does not have jurisdiction over the dispossessory action filed against Defendant Coney in the Magistrate Court of DeKalb County, the undersigned **RECOMMENDS** that this action be **DISMISSED** and **REMANDED** to the Magistrate Court of DeKalb County pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), a district court must remand any action that has been improperly removed if the district court finds that it lacks subject matter jurisdiction:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).   Accordingly, this Court must examine the Petition for Removal (Doc. 1-1) to determine whether there is a proper basis for removal.

For removal to be proper, a defendant must demonstrate that the action is based on diversity jurisdiction, or that the action contains a federal question, i.e., one or more claims arising under the Constitution, treaties, or laws of the United States.   28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332.   In other words, a defendant may remove a case to federal court only if the district court would have had jurisdiction over the case if it had been brought there originally.   Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 711-12 (11th Cir. 1997) (citing 28 U.S.C. § 1441).   The statute is strictly construed, requiring remand to the state court if any doubt exists over whether removal was proper.   Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003).   The party seeking removal bears the burden to establish federal jurisdiction.   Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Coney appears to seek to remove this matter on the basis of the Court's federal question jurisdiction. In the Petition for Removal, Coney states that the DeKalb County dispossessory action violates his rights under the due process clause of the Fourteenth Amendment to the United States Constitution and appears to . (Doc. 1-1 at 2). After reviewing the documents from the DeKalb County dispossessory proceeding, however, it is apparent that there is no federal question jurisdiction over this action. The general test for whether a state court cause of action arises under federal law is the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc . v. Williams, 482 U.S. 386, 392 (1987). The Petition for Removal does not allege, nor do the DeKalb County documents show, that any federal statute was relied upon in the state court dispossessory proceeding. It is well settled that federal question jurisdiction exists only when a federal question is presented on the face of a well-pleaded complaint. Defenses or counterclaims based on federal law are not a proper basis for removal. See Caterpillar, 482 U.S. at 393; Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); Kemp, 109 F.3d at 712 ("a case may not be removed on the ground of a federal question

defense alone, even if that defense is valid"). Because no federal question is present on the face of the dispossessory complaint, there is no federal jurisdiction.

It is also apparent that diversity jurisdiction is not present in this action because Coney indicated that both parties are citizens of this state (Doc. 1-2), and because Coney fails to allege any facts to show that the amount in controversy exceeds the statutory threshold. See 28 U.S.C. § 1332(a).

## CONCLUSION

Because Coney has failed to establish that removal of the state court dispossessory proceeding is proper, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of DeKalb County. Coney's motion to proceed in forma pauperis (Doc. 1) is **GRANTED** solely for the purpose of remand.

So **ORDERED, REPORTED, and RECOMMENDED** this 22nd day of December, 2016.


CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

4